OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant John Beeson appeals the decision of the Columbiana Court of Common Pleas convicting him of one count of rape in violation of R.C.2907.02(A)(1)(b), a felony of the first degree, and sentencing him to a five year prison term. With this appeal, Beeson claims it was error for the trial court to impose a sentence that was more than the minimum. We conclude that Beeson's claim has merit as the trial court failed to make the requisite statutory findings before deviating from the minimum sentence. Accordingly, Beeson's sentence is vacated and this cause is remanded for resentencing.
 {¶ 2} On January 31, 2003, Beeson was indicted for one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. On June 27, 2003, Beeson pled guilty to the indictment as charged after admitting that he had placed his penis between the cheeks of his ten year old daughter's buttocks. On September 19, 2003, the trial court sentenced Beeson to five years in prison. On May 26, 2005, this Court granted Beeson leave to file a delayed appeal.
 {¶ 3} As his sole assignment of error, Beeson claims:
 {¶ 4} "The trial court erred in imposing a non-minimum prison sentence."
 {¶ 5} Beeson was convicted of one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, which carries a minimum sentence of three years and a maximum sentence of ten years. R.C. 2929.14. Beeson claims that the record does not support the imposition of a five-year sentence, which is more than the minimum sentence allowed, because he has not previously served a prison term. The applicable version of R.C. 2929.14(B) provides in relevant part, as follows:
 {¶ 6} "(B) Except as provided * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender has not previously served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 7} In addressing the trial court's discretion in deviating from imposing the shortest prison term, the Ohio Supreme Court directs that "a trial court sentencing an offender to his first imprisonment must specify on the record that one or both reasons allowed by R.C. 2929.14(B) justify a sentence longer than the minimum." State v. Edmonson (1999), 86 Ohio St.3d 324, 327. However, the trial court need not give its reasons. Id; accordState v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165 at ¶ 26, (court must make statutory findings on the record with respect to imposing a non-minimum sentence when R.C. 2929.14(B) applies). The court must orally note on the record that "it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Edmonson at 326.
 {¶ 8} In the present case, the trial court stated on the record at the sentencing hearing:
 {¶ 9} "The Court agrees that this matter is non-probationable, a non-probationable offense. And the Court's job here is to protect the public, to punish offenders, to decree something that has a rational and logical relationship to the type of criminal conduct involved.
 {¶ 10} "This is very serious conduct. This is a very dastardly crime. I think the State's recommendation is fair. It is the Order of the Court that you be incarcerated for a definite five-year term in a State Correctional Facility."
 {¶ 11} While the trial court did make statements that would tend to indicate it did not favor a minimum sentence in this case, this is insufficient to meet the statutory requirements. The Ohio Supreme Court held in Edmonson at 328, that although a trial court may make comments that might arguably support a finding that the minimum sentence would demean the seriousness of the offense or not adequately protect the public, the court must still specify either of those reasons in support of its decision to deviate from the minimum sentence. Likewise, in this case the court did not indicate that it considered the minimum sentence or that it decided to deviate from that sentence for those reasons listed in R.C. 2929.14(B). See State. v. Snyder (July 19, 2002), 4th Dist. No 02CA2.
 {¶ 12} We conclude this short discussion regarding the imposed sentence does not satisfy the mandates of felony sentencing as prescribed by the Ohio Supreme Court in Edmonson
and Comer. Beeson's sole assignment of error is meritorious. Accordingly, Beeson's sentence is vacated and this cause is remanded to the trial court for resentencing.
Vukovich, J., concurs.
Waite, J., concurs.